E-FILED
Tuesday, 05 August, 2014  01:16:05 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| ZAKARY N. DUNCAN and<br>AMBER S. DUNCAN, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | No. |
| TRANSAM TRUCKING, INC.,<br>a foreign corporation, and<br>ANDRE JACKSON, individually and as<br>an employee, agent and/or servant of<br>TRANSAM TRUCKING, INC. | )<br>)<br>)<br>)<br>)<br>) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs, ZAKARY N. DUNCAN and AMBER S. DUNCAN, for their Complaint against Defendants TRANSAM TRUCKING, INC. (herein "TransAm") and ANDRE JACKSON (herein "Jackson"), allege and state as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over the subject matter pursuant to 28 USC §1332:

    (a)   TransAm is a Missouri corporation having its principal place of business in Kansas;

    (b)   Andre Jackson is a citizen and resident of the State of Tennessee;

    (c)   Plaintiffs, Zakary N. Duncan and Amber S. Duncan (herein respectively, "Zakary" and "Amber") are citizens and residents of the State of Indiana;

(d)     The amount in controversy, exclusive of costs and interest, exceeds $75,000.00;

(e)     The collision, which is the subject matter of Plaintiffs' complaint, occurred in the Central District of Illinois, Urbana Division.

2.     This Court has jurisdiction over the Defendants.

3.     This Court is the proper venue for this action.

### Count I

### Negligence – Motor Carrier – TransAm Trucking, Inc.

4.     At all times relevant, Defendants Jackson and TransAm were operating pursuant to the Federal Motor Carrier Safety Regulations (hereafter "FMCSRs") and owed Zakary, Amber, and others on and near the roadway a duty to use reasonable care in the operation of their tractor-trailer, and in the hiring, training, retention, and/or supervision of the drivers chosen to operate it.

5.     On December 8, 2013, at approximately 5:25 p.m., Defendant Jackson was driving a tractor-trailer owned and controlled by Defendant TransAm in an eastbound direction on Interstate 74, near Mile Post 187, in Champaign County, Illinois.

6.     At said time, Defendant Jackson was TransAm's employee acting within the scope of his employment duties as a professional truck driver and pursuant to TransAm's motor carrier operating authority.

7.     At said time, Zakary and Amber were traveling eastbound on Interstate 74

just west of Mile Post 187 in Champaign County, Illinois.

8. At said time and place, Defendant Jackson negligently, willfully and/or wantonly drove his tractor-trailer crashing it into the rear of the Dodge occupied by Zakary and Amber.

9. At the time of the collision and immediately prior thereto, Zakary exercised due care and caution for his and his wife, Amber's safety, and their property.

10. On and before December 8, 2013, TransAm was subject to the FMCSRs and owed Zakary, Amber, and others on the roadway a duty to use reasonable care in the inspection, maintenance, repair of the tractor, and in the hiring, training, retention, and/or supervision of the drivers chosen to operate it.

11. Defendant TransAm was guilty of one or more of the following negligent acts and/or omissions:

    (a) TransAm did not require Jackson to comply with duties and prohibitions of driver regulations in violation of Part 390 of the FMCSRs;

    (b) TransAm encouraged Jackson to violate the FMCSRs in violation of Part 390 of the FMCSRs;

    (c) TransAm did not maintain records and documents as required under Part 390 of the FMCSRs;

    (d) TransAm improperly maintained records and documents in violation of Part 390 of the FMCSRs;

    (e) TransAm aided and abetted Jackson's violations of the Federal Motor Carrier Safety Regulations;

(f)     TransAm permitted Jackson to operate the vehicle, while his ability or alertness was so impaired as to make it unsafe for him to continue to operate the vehicle in violation of Part 392 of the FMCSRs;

(g)     TransAm did not adequately train Jackson when reasonable training would have equipped Jackson with the knowledge and skill to operate the tractor-trailer in a reasonably prudent manner in violation of Part 391 of the FMCSRs;

(h)     TransAm allowed its tractor-trailer to be operated at an unreasonable speed given the extant conditions;

(i)     TransAm allowed its tractor-trailer to be operated by an employee in such a manner as to fail to maintain the tractor-trailer under reasonable control;

(j)     TransAm operated without adequate safety management controls;

(k)     TransAm did not use the same care and caution that a reasonably prudent person or motor carrier would have exercised under the same or substantially similar circumstances all in violation of Parts 390, 391, 392, 393, 395, and 396 of the FMCSRs;

(l)     TransAm did not investigate the competence of the driver of its tractor-trailer, Jackson, who was at all relevant times unqualified, careless, reckless, and incompetent;

(m)    TransAm carelessly and/or negligently investigated the competence of the driver of its tractor-trailer, Jackson, who was at all relevant times unqualified, careless, reckless and incompetent;

(n)     TransAm failed to require its tractor-trailer to be operated with extreme caution in the face of limited traction conditions;

(o)     TransAm permitted and/or required its tractor-trailer to be operated at an unreasonable speed;

(p)     TransAm ratified Jackson's violations of the FMCSRs and state traffic

laws;

(q)  TransAm did not take Jackson out of service; and/or

(r)  TransAm failed to do what a reasonably prudent trucking company would do under like or similar circumstances.

12.  As a direct and proximate result of TransAm's aforesaid acts and omissions, its tractor-trailer collided with Zakary's vehicle with great force and violence.

13.  As a direct and proximate result of the foregoing collision, Zakary sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, surgical, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, emotional distress, terror, fright, humiliation, disability, disfigurement, and loss of enjoyment of life, lost wages, loss of time, impairment of earnings capacity, and sustained other injuries and damages of a personal and pecuniary nature.

14.  As a direct and proximate result of the foregoing collision, Amber sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, surgical, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, emotional distress, terror, fright, humiliation, disability, disfigurement, and loss of enjoyment of life, lost wages, loss of time, impairment of earnings capacity, and sustained other injuries and damages of a personal and pecuniary nature.

## Count II

### TransAm Trucking, Inc. — Respondeat Superior

15. Plaintiffs incorporate by this reference the allegations contained in paragraphs 1-14 above.

16. At all times relevant, Defendants Jackson and TransAm were operating pursuant and subject to the FMCSRs and owed Zakary, Amber, and others on the roadway a duty to use reasonable care in the operation of the tractor-trailer Defendant Jackson was operating.

17. At all times relevant, Defendant Jackson was TransAm's employee acting within the scope of his employment duties as a professional truck driver and pursuant to TransAm's motor carrier operating authority.

18. On December 8, 2013, at approximately 5:25 p.m., Defendant Jackson negligently drove his tractor-trailer into the rear of the Dodge operated by Plaintiffs, Zakary and Amber, and Defendant Jackson was guilty of one or more of the following negligent acts and/or omissions:

   (a) Jackson operated the tractor-trailer at an unreasonable speed given the extant conditions;

   (b) Jackson operated the tractor-trailer in an unreasonable manner;

   (c) Jackson failed to exercise due care to avoid a collision;

   (d) Jackson failed to maintain his tractor-trailer under reasonable control;

  (e) Jackson failed to maintain a proper lookout;

  (f) Jackson failed to exercise extreme caution in the face of limited traction conditions;

  (g) Jackson failed to discontinue operation or adjust his driving to the traction conditions;

  (h) Jackson failed to use his brakes in a safe and proper manner;

  (i) Jackson failed to practice proper space management;

  (j) Jackson operated while unqualified to do so; and/or

  (k) Jackson was otherwise careless and negligent in the operation of the tractor-trailer.

19. As a direct and proximate result of the negligence of Defendant Jackson, Plaintiffs, Zakary and Amber, sustained damages as set forth in paragraphs 13 and 14 of this Complaint.

20. Defendant TransAm, Inc., as the motor carrier and employer of Defendant Jackson, is liable for the negligence of Defendant Jackson, and for the damages suffered by Plaintiffs Zakary and Amber, under principles of vicarious liability.

## Count III

### Negligence — Truck Driver — Andre Jackson

21. Plaintiff incorporates by this reference the allegations contained in paragraphs 1-20 above.

22. At all times relevant, Defendants Jackson and TransAm were operating

pursuant and subject to the FMCSRs and owed Plaintiffs Zakary, Amber, and others on and near the roadway a duty to use reasonable care in the operation of the tractor-trailer Defendant Jackson was operating.

23.     On December 8, 2013, at approximately 5:25 p.m., Defendant Jackson negligently drove his tractor-trailer thereby rear-ending the Dodge operated by Plaintiffs, Zakary and Amber, and Defendant Jackson was guilty of one or more of the negligent acts and/or omissions set forth in paragraph 18 of this Complaint.

24.     As a direct and proximate cause of the negligence of the Defendant Jackson, the Plaintiffs, Zakary and Amber, sustained damages as set forth in paragraphs 13 and 14 of this Complaint.

### Count IV

### Willful & Wanton

25.     Plaintiffs incorporate by this reference the allegations contained in paragraphs 1-24 above.

26.     The conduct of Defendants Jackson and TransAm was outrageous and in willful and wanton disregard of the consequences, such that a reasonable person would know, or should have known, that such conduct had a high probability of harm.

27.     The Defendant TransAm approved of, consented to, and authorized the conduct of Defendant Jackson and either authorized Jackson to act in reckless disregard of

likely harm to Plaintiffs, Zakary and Amber or ratified the reckless acts of Jackson.

28. As a direct and proximate cause of the willful and wanton conduct of Defendants Jackson and TransAm, the Plaintiffs, Zakary and Amber sustained damages as set forth in paragraph 13 and 14 of this Complaint.

## Count V

### Loss of Consortium – Zakary & Amber

29. Plaintiffs incorporate by this reference the allegations contained in paragraphs 1-28 above.

30. At all times relevant herein, Zakary and Amber were and are husband and wife, respectively.

31. As a direct and proximate result of defendants' aforesaid conduct and Zakary's proximately resulting injuries as set forth in paragraph 13 of this Complaint, Amber has been deprived of a portion of Zakary's love, companionship, consortium, and/or services which he had ably provided prior to December 8, 2013.

32. As a direct and proximate result of defendants' aforesaid conduct and Amber's proximately resulting injuries as set forth in paragraph 14 of this Complaint, Zakary has been deprived of a portion of Amber's love, companionship, consortium, and/or services which she had ably provided prior to December 8, 2013.

WHEREFORE, the Plaintiffs, ZAKARY N. DUNCAN and AMBER S. DUNCAN, pray for judgment against Defendants, TRANSAM TRUCKING, INC. and ANDRE JACKSON, in an amount reasonable under the circumstances to compensate the Plaintiffs for their damages, for costs, and for all other relief just and proper in the premises.

Respectfully submitted,

**KENNETH J. ALLEN LAW GROUP, LLC**
Attorneys for Plaintiffs

/s/Bryan L. Bradley

Bryan L. Bradley
Christopher R. Hansen

### Jury Demand

Plaintiffs, ZAKARY N. DUNCAN and AMBER S. DUNCAN, by and through their attorneys, hereby request a trial by jury as to all issues contained in their Complaint.

Respectfully submitted,

**KENNETH J. ALLEN LAW GROUP, LLC**
Attorneys for Plaintiffs

/s/Bryan L. Bradley

Bryan L. Bradley
Christopher R. Hansen



Reply to Office Indicated

☑ ALLEN LAW BUILDING:
1109 Glendale Boulevard
Valparaiso, IN 46383
219.465.6292

☐ JOILET OFFICE:
1000 Essington Road
Joliet, IL 60435
815.725.6292

☐ MERRILLVILLE OFFICE:
3700 E. Lincoln Highway (U.S. 30)
Merrillville, IN 46410
219.736.6292

☐ TINLEY PARK OFFICE:
16335 S. Harlem Avenue
Tinley Park, IL 60477
708.460.6292

☐ INDIANAPOLIS OFFICE:
201 N. Illinois Street (South Tower)
Indianapolis, IN 46204
317.842.6926

☐ CHICAGO OFFICE:
150 N. Michigan Avenue
Chicago, IL 60606
312.236.6292

www.kenallenlaw.com